UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| J. Todd Kincannon,<br><br>        Plaintiff,<br><br>     v.<br><br>The South Carolina Commission on Lawyer Conduct, The South Carolina Office of Disciplinary Counsel, Lesley Coggiola, Barbara Seymour, , and all John Does involved in this matter,<br><br>        Defendants. | Civil Action No. _:__-CV-_____-___<br><br>**COMPLAINT** |

  Plaintiff respectfully appears before this Honorable Court and alleges the following:

1. This action is primarily a civil rights complaint arising from an attempt by various individuals and entities in the South Carolina lawyer disciplinary authority system to deprive Plaintiff of his fundamental rights of free speech, equal protection, and due process.

2. Plaintiff J. Todd Kincannon is a citizen of South Carolina and a member of the South Carolina Bar with a highly lucrative law practice—Kincannon has already obtained over one million dollars in income realizable from his law practice in 2014 and projects about three million dollars by the end of the calendar year. Kincannon's law practice is jeopardized by Defendants' unconstitutional conduct.

3. Defendants are governmental entities and individuals associated with South Carolina's lawyer disciplinary authority system. All individuals are named in their personal and governmental capacities.

4. Kincannon has been the subject of a secret investigation by Defendants for two years arising out of Plaintiff's use of social media for political and religious advocacy.

5. Kincannon is a nationally known conservative Republican and evangelical Christian who has a highly popular Twitter account—one of the most popular Twitter accounts in the world by all measures.

6. Kincannon's popularity comes from his use of sarcasm, absurdity, dark humor, parody (especially self-parody), hyperbole, and joking vulgarity.

7. Kincannon's political and religious commentary is no more offensive than something one might hear from Howard Stern, Rush Limbaugh, or Bill Maher.

8. Kincannon has a clear First Amendment right to use whatever literary devices he chooses as a means of packaging his political and religious messages for a wide audience.

9. Various people, almost all from the Left-wing side of the political spectrum, often claim to be offended by things Kincannon has said and often file bar complaints and other complaints with law enforcement to try to shut down his political and religious messages.

10. These individuals have found a sympathetic ear with Defendants. Defendants do not like the manner in which Kincannon expresses his political and religious views and seek to sanction Kincannon professionally for his political and religious advocacy.

11. Defendants essentially claim that South Carolina lawyers are subject to professional discipline for any speech that offends someone bad enough to motivate the filing of a bar complaint.

12. Defendants claim that this is true even for core political and religious speech. That is, Defendants claim that the First Amendment simply doesn't apply to South Carolina

lawyers and bar complainants hold a heckler's veto over anything a South Carolina lawyer might say in the realm of political or religious advocacy.

13.     This is self-evident nonsense. South Carolina lawyers have the same rights to engage in political and religious advocacy as any other Americans and are not subject to governmental sanction as a result. Nothing in the South Carolina Rules of Professional Conduct or other disciplinary rules says otherwise, and anything that did appear to say otherwise would be unconstitutional.

14.     The First Amendment to the United States Constitution, other laws making and enforcing liberty guarantees, and reams of Supreme Court precedent prohibit Defendants from punishing Kincannon for his political and religious advocacy. No reasonable person could believe that the South Carolina lawyer disciplinary authorities are not constrained by the First Amendment and other free speech protections, and Defendants' pattern and practice to the contrary is a clear civil rights violation.

15.     Defendants have violated various other of Kincannon's civil rights and other rights, including but not limited to his due process rights associated with the secret investigation to which he has been subjected. Defendants have violated Kincannon's right to confidentiality during their secret investigation of him (that became not-so-secret once Defendants illegally gave information about the investigation to the ABA Journal, for example).

16.     Further, South Carolina's lawyer disciplinary system makes these abuses systemic, and some of what has happened to Kincannon has happened to numerous other lawyers due to constitutional defects in the South Carolina disciplinary system.

17.     Kincannon seeks to vindicate his civil rights in this proceeding and obtain all

remedies available for Defendants' inexcusable violations of his civil rights, to obtain a declaratory judgment that he has the right to engage in his brand of political and religious advocacy, and to obtain a declaratory judgment as to various defects in the South Carolina lawyer disciplinary system. Kincannon also seeks all other relief available as a result of Defendants' conduct.

18. Defendants are fully aware of the nature of the claims Kincannon raises in this proceeding, and the reason the claims are articulated in somewhat of a shorthand fashion relates to the fact that Kincannon hoped to avoid filing this Complaint and believed he had worked out a solution to these problems with Defendants.

19. However, in early July of 2014, Defendants finally notified Kincannon in no uncertain terms that they took the position that his political commentary was unethical. This interfered with the release of a book Kincannon had written and led to the filing of this Complaint. Further, this Complaint is filed near the end of the earliest limitations period potentially if the limitations period runs from Kincannon's first notice of the investigation against him. Kincannon has no choice but to file this complaint at this time.

20. Kincannon intends to amend this pleading to more fully articulate all claims against Defendants, but for the time being Kincannon incorporates by reference all emails and other communications between Kincannon and Defendants for a fuller statement of such claims.

21. Kincannon prays for all relief available, including injunctive and declaratory relief, all types of damages available, attorneys fees, costs, pre- and post-judgment interest, and any other relief available under the law and facts of this case.

|  |  |
|---|---|
|  | s/J. Todd Kincannon |
|  | J. TODD KINCANNON, ID #10057 |
|  | THE KINCANNON FIRM |
|  | P.O. Box 7901 |
|  | Columbia, South Carolina 29202 |
|  | Office: 877.992.6878 |
|  | Fax: 888.704.2010 |
|  | Email: Todd@TheKincannonFirm.com |
| July 14, 2014 | Attorney for Plaintiff (Appearing Pro Se) |